UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTOINE YOUNG, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:08CV1890 HEA |
|  | ) |  |
| TROY STEELE, | ) |  |
|  | ) |  |
| Respondent, | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. [Doc. No. 1]. The Court referred this matter to Magistrate Judge Mary Ann L. Medler for a Report and Recommendation pursuant to 28 U.S.C. § 636. Judge Medler has filed her Report and Recommendation that the Petition be denied. Petitioner has filed written objections. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is denied.

## **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See also, *Bell-Bey v. Roper*, 499 F.3d 752, (8th Cir. 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S. 510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id.* at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th

Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id*. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id*. at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## **Discussion**

Petitioner objects to Judge Medler's Recommendation that Grounds 5 through 8 are procedurally defaulted because Petitioner did not raise them before the Missouri Court. Petitioner urges that he did raise these issues in his *pro se* post conviction motion. He did not, however, raise them in his appeal of the denial of post conviction relief motion. Judge Medler's Report and Recommendation as it relates to the procedural default is accurate and based on the applicable law regarding procedural default. Petitioner's objection is therefore denied.

Petitioner also objects to Judge Medler's conclusion that the decisions of the

Missouri Courts are not contrary to clearly established Federal law nor are they an unreasonable application of clearly established Federal law. Petitioner argues that he addressed claims of ineffective assistance of counsel and was entitled to an evidentiary hearing to prove facts in dispute regarding his post conviction motion. Petitioner's objection is without merit. The Motion Court determined that the record before the Court conclusively established that a hearing on Petitioner's claims was not required. Each of the conclusions reached by the Motion Court and the Missouri Appellate Court regarding Petitioner's claims was grounded in applicable law and based on the facts in the record. Likewise, in reviewing those conclusions, Judge Medler analyzed the Missouri decisions based on the appropriate standard of review, that is whether the decisions of the Missouri Courts were contrary to, or an unreasonable application of federal law. None were. Judge Medler sets out the Federal law applicable to Petitioner's claims and applies that law to the challenges Petitioner makes. Judge Medler discusses each of the conclusions reached by the Missouri Courts and finds that none are contrary to the Federal law. This Court agrees. Petitioner has failed to present any authority to establish that any of the conclusions of the Missouri Courts are contrary to or an unreasonable application of Federal law.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Medler that the Petition be denied.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Antoine Young for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in that, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 8th day of July, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE